UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEONARD C. RHODES (#128585)

VERSUS

LT. F. JACKSON, ET AL

CIVIL ACTION

NUMBER 11-370-BAJ-SCR

## RULING ON MOTION FOR TEMPORARY RESTRAINING ORDER

Before the court is the plaintiff's Motion for Preliminary Injunction Pending Appeal. Record document number 62.

Pro se plaintiff, an inmate confined at Hunt Correctional Center (HCC), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Howard Prince, Asst. Warden Frederick Boutte, Lt. Jason Russ, Lt. Freddie Jackson, Mental Health Director Clay Williams, Asst. Mental Health Director James Dulaney, and Dr. Matthew Gamble. Plaintiff alleged that he was denied adequate mental health treatment, unidentified security officers retaliated against him for filing administrative grievances, and he is being housed in the same housing unit as a known enemy, all in violation of his constitutional rights.

On March 28, 2012, judgment was entered granting the defendants' motions for partial summary judgment and Lt. Jason Russ' motion to dismiss.[1] In addition,

---

[1] Record document number 59.

the plaintiff's claims of conspiracy, retaliation, excessive force, false disciplinary report and failure to protect were dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling them in forma pauperis status.[2]

Plaintiff filed a notice of appeal[3] and this motion for preliminary injunction pending appeal. Plaintiff sought an order prohibiting prison officials from discriminating against him and to avoid manipulation by security officers. Plaintiff conceded that he has been confined in the H.S.U. acute treatment area since September 1, 2011.

In order to determine whether to issue a preliminary injunction the court must consider four factors:[4]

1. the significance of the threat of irreparable harm to the plaintiff if the injunction is not granted;

2. the state of balance between this harm and the injury that granting the injunction would inflict on the defendant;

3. the probability that the plaintiff will succeed on the merits; and

4. the public interest.

It is unlikely that the plaintiff will prevail on his claims against the defendants. Any harm which may come to the plaintiff is likely to be minor rather than irreparable and it can be compensated for monetarily should the plaintiff prevail in this action.

---

[2] *Id.*

[3] Record document number 61.

[4] 11A Wright & Miller, Fed. Prac. & Proc. Civ. § 2948 (2d ed.).

Finally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.

The plaintiff has not shown the exceptional circumstances needed for issuance of a preliminary injunction of the sort the plaintiff seeks. Therefore, his request for a preliminary injunction pending appeal is denied.

Baton Rouge, Louisiana, September 5, 2012.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA